IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV156-1-W
3:01CR66

| | |
|---|---|
| JAMES EDGAR MUNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed April 2, 2010.

### PROCEDURAL HISTORY

On May 7, 2001, Petitioner was one of eleven individuals named in a two-count Bill of Indictment. (Crim. Case No. 3:01cr66: Doc. No. 3.) Count One charged Petitioner with conspiracy to possess with intent to distribute at least 50 grams of cocaine base, 5 kilograms of cocaine, and 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 841 and 846. Count Two charged Petitioner with various Conspiracy to Commit Money Laundering activities in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), (a)(1)(B)(I), all in violation of 18 U.S.C. § 1956(h). On May 30, 2003, a jury returned a verdict of guilty as to both counts.[1] (Crim. Case No. 3:01cr66: Doc. No. 285.) On December 18, 2003, this Court sentenced Petitioner to 121 months' imprisonment on each count to run concurrently. (Crim. Case No. 3:01cr66: Doc. No. 338.) Judgment was

---

[1] On the drug charge, Petitioner was convicted of conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana.

entered on February 3, 2004. (Crim. Case No. 3:01cr66: Doc. No. 338.)

On March 4, 2004, Petitioner filed a Notice of Appeal. (Crim. Case No. 3:01cr66: Doc. No. 340.) On his first appeal, Petitioner argued that several statements made during the Government's opening and closing statements referred to questionable evidence, relied on evidence not presented to the jury, and constituted impermissible vouching for the truthfulness of the witness's testimony. The Fourth Circuit rejected this claim. Petitioner also argued that he was sentenced in violation of United States v. Collins, 415 U.S. 304 (4th Cir. 2005). The Government agreed with Petitioner, and the Fourth Circuit, after determining that plain error existed, affirmed Petitioner's conviction and remanded Petitioner's case for resentencing. The appellate court declined to address Petitioner's remaining arguments concerning the calculation of drug quantities. United States v. Munson, 181 Fed. App'x 368 (4th Cir. 2006).

On February 12, 2007, at his resentencing, Petitioner argued that his sentence could not exceed sixty months, the statutory minimum for the drug conspiracy count. (Crim. Case No. 3:01cr66: Doc. No. 455 at 2-16.) This Court rejected this argument but granted his variance request and sentenced him to 87 months' imprisonment on the money laundering conspiracy count and a concurrent term of 60 months' imprisonment on the drug conspiracy count with three years of supervised release on each count. (Crim. Case No. 3:01cr66: Doc. No. 455 at 16, 32-35.) On March 2, 2007, an Amended Judgment was entered. (Crim. Case No. 3:01cr66: Doc. No. 440.)

On March 9, 2007, Petitioner filed a Notice of Appeal. (Crim. Case No. 3:01cr66: Doc. No. 442.) On appeal, Petitioner argued that the district court erred by finding a drug quantity that was greater than that found by the jury beyond a reasonable doubt and which increased Petitioner's sentence beyond that authorized by the jury verdict. Petitioner also argued that the

district court's drug quantity calculations were erroneous. Finally, Petitioner argued that the district court erroneously applied the guidelines in a de facto manner. On November 13, 2008, the Fourth Circuit rejected Petitioner's arguments and affirmed Petitioner's sentence. United States v. Munson, 299 Fed. App'x 297 (4th Cir. 2008). On April 20, 2009, the Supreme Court denied Petitioner's Petition for a Writ of Certiorari.

On April 2, 2010, Petitioner timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) In his Motion to Vacate, Petitioner argues that: 1) newly discovered false evidence establishes that his drug quantity was erroneously calculated; 2) he received ineffective assistance from his resentencing and both appellate counsel; 3) prosecutorial misconduct.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. DRUG QUANTITY

Petitioner alleges that he was "found guilty, sentenced, and subsequently resentenced, based upon false evidence." (Doc. No. 1-1 at 7.) More specifically, Petitioner alleges that

Exhibit # 1 from his trial, which contained copies of the wire transfers from North Carolina to California, is "a smoking gun that proves perjury, false quantities, and essentially unravels the whole case." (Doc. No. 1-1 at 8.) Petitioner focuses on IRS Agent Mitchell's testimony regarding this exhibit and in particular on Agent Mitchell's testimony regarding a Master List that he allegedly created from Exhibit # 1. Petitioner asserts that because he could not obtain a copy of this Master List, Agent Mitchell's testimony was false and that the prosecutors were complicit when they failed to correct his testimony. Petitioner further asserts that his subsequent review of Exhibit # 1 reveals that an improper dollar amount was calculated.

Petitioner raised this argument – the court's drug quantity calculations were erroneous – on appeal. In support of this argument, Petitioner referred to various witness testimony and to the contents of Exhibit # 1. (App. Case No. 07-4284: Appellant's Brief; Appellants Pro se Supp. Brief.) Petitioner also specifically referenced the testimony of Agent Mitchell. As summarized by the Fourth Circuit, Petitioner's "argument . . . hinges on his interpretation of a government exhibit detailing Western Union wire transfers. He claims that certain transactions in this exhibit should have been deducted from the total dollar amount, and he divides the reduced dollar amount by an average price per pound." United States v. Munson, 299 Fed. App'x 297, 301 (4th Cir. 2008). In rejecting Petitioner's argument, the Fourth Circuit held that "[Petitioner's] own testimony is the primary evidence supporting his interpretation of the document and his attack on a single exhibit ignores all the other sources of information. As the district court concluded at the first sentencing hearing, there was 'abundant' evidence that over 1000 kilograms of marijuana was reasonably foreseeable." Id.

It is well-settled that issues previously decided upon appeal from conviction cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th

Cir. 1976)("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). A petitioner is not entitled to relitigate issues in his § 2255 motion that were decided adversely to him on direct appeal. Consequently, this claim is dismissed on that basis.

Petitioner attempts to avoid this result by asserting that his present claim is based upon new evidence. His assertion is wholly unavailing. A review of the criminal file reveals that Exhibit # 1 and its contents were at issue during Petitioner's trial, his resentencing, and on appeal. It simply defies logic to refer to this exhibit as "new evidence." Petitioner also argues that he had great difficulty obtaining a personal copy of this exhibit. Such an argument does not establish the wire transfers as new evidence. Moreover, at his resentencing hearing Petitioner testified at length about the contents of the exhibit. (Crim. Case No. 3:01cr66: Doc. No. 454 at 25-27, 30.)

Petitioner also tries to establish as new evidence the alleged discovery of the non-existence of a document testified about by Agent Mitchell. More specifically, Petitioner alleges that his inability to obtain, through a FOIA request, a copy of the Master List prepared by Agent Mitchell is proof that it never existed and that the evidence used to convict him was false. In support of his argument, Petitioner attaches Agent Mitchell's cross-examination testimony on pages 867 and 868 of the trial transcript. The list discussed in this testimony, however, is a list that was apparently created by the defense. (Crim. Case No. 3:01cr66: May 28, 2003, Trial Trans. at 867- 71.) In fact, Agent Mitchell specifically states that the list shown to him by defense counsel was not produced by him. (Crim. Case No. 3:01cr66: May 28, 2003, Trial Trans. at 867- 68.) Moreover, the trial transcript reveals that the summaries actually prepared by Agent Mitchell were published to the jury. (Crim. Case No. 3:01cr66: May 27, 2003, Trial

Trans. at 802-810.) Finally, the fact that in response to Petitioner's Freedom of Information Act request he was informed that a copy of the Master List could not be located does not, by itself, establish that the document never existed or that Agent Mitchell testified falsely. Indeed, in light of the publication of these summaries to the jury, the Court is perplexed how Petitioner can now argue that these documents never existed. Petitioner's claim is dismissed.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner alleges that his first appellate counsel was ineffective for failing to challenge the drug quantity attributed to Petitioner. A review of the record reveals that contrary to Petitioner's present contention, Petitioner's counsel did raise the issue of drug quantity on appeal. The Fourth Circuit, however, after finding plain error on another issue, declined to address that issue. (Crim. Case No. 3:01cr66: Doc. No. 387 at 4.) Consequently, Petitioner has

failed to establish that his appellate counsel's performance was deficient. Petitioner's claim on this basis also fails because he cannot establish that he was prejudiced. That is, Petitioner has not convinced the Court that any such claim would have been successful. Indeed, Petitioner raised and argued this issue at length at his resentencing hearing and this Court was unpersuaded. (Crim. Case No. 3:01cr66: Doc. No. 454 at 20-29; Doc. No. 455 at 27-29, 30.) Petitioner also raised this issue during his second appeal and the Fourth Circuit considered and rejected this issue. United States v. Munson, 299 Fed. App'x 297, 301 (4th Cir. 2008).

Petitioner also alleges that his counsel at resentencing was ineffective because he failed to pursue the quantity/perjury arguments repeatedly requested by Petitioner. Petitioner contends that once his resentencing counsel read Petitioner's arguments his counsel realized that the proper presentation of the evidence would result in the prosecution of Agent Mitchell for perjury. Petitioner states that his resentencing counsel then failed to present this issue at all. Petitioner misrepresents the record. Drug quantity was a contested issue at Petitioner's resentencing. Indeed, Petitioner himself testified at length on this issue. (Crim. Case No. 3:01cr66: Doc. No. 454 at 20-28.) This Court specifically rejected Petitioner's quantity argument. (Crim. Case No. 3:01cr66: Doc. No. 455 at 32.) Petitioner's ineffective assistance of counsel claim on this basis is meritless.

Petitioner also asserts that his resentencing counsel was ineffective because he argued an untenable legal theory centered on § 5G1.2 of the sentencing guidelines. A review of the sentencing transcripts reveals that while counsel ultimately did not prevail on this issue it was not an untenable legal theory. Indeed, the issue was debated extensively and the resentencing hearing was ultimately continued to a later date to allow the parties to fully brief this issue. (Crim. Case No. 3:01cr66: Doc. No. 454 at 37.) Petitioner has failed to establish deficient

performance or prejudice and this claim is dismissed.

Petitioner also alleges that he received ineffective assistance of counsel during his second appeal. More specifically, Petitioner argues that his appellate counsel failed to raise on appeal the issues that Petitioner had informed him he wanted raised: 1) drug quantity, 2) Agent Mitchell's perjury, and 3) the Brady/Jencks violation that occurred when the Government withheld the Master List. In addition, Petitioner alleges that his counsel was deficient for continuing to argue "dead" law; for over inculpating him; and for refusing to amend his brief to include Petitioner's issues.

Petitioner's appellate counsel did argue that the drug quantity calculation was in error. Petitioner's counsel did not argue the other issues. Petitioner did, however, file an extensive pro se supplemental brief containing these exact issues. In affirming Petitioner's sentence, the Fourth Circuit specifically noted that it had considered the issues raised by Petitioner in his pro se supplemental brief and found them to be without merit. United States v. Munson, 299 Fed. App'x 297, 301, n.5 (4th Cir. 2008). Given the Fourth Circuit's consideration of and rejection of these precise claims, Petitioner cannot establish the requisite prejudice for his ineffective assistance of appellate counsel claim.

## IV. PROSECUTORIAL MISCONDUCT

Petitioner sets forth as his third claim his allegation that the Government failed to correct false testimony when it appeared.[2] Petitioner states that as evidenced by the FOIA response, no Master List existed. Consequently, Petitioner asserts that Agent Mitchell's testimony about this

---

[2] Petitioner's argument supporting this claim is a reference to see the arguments raised in his first two claims. Such a reference is insufficient to support a claim. Out of an abundance of caution, however, the Court will address Petitioner's third claim.

list was false. Petitioner asserts that because the Government knew that no list existed, the Government knew the testimony was false but nevertheless failed to correct Agent Mitchell's testimony on this matter.

As already set forth in this Order, it is well-settled that issues previously decided upon appeal from conviction cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). A petitioner is not entitled to relitigate issues in his § 2255 motion that were decided adversely to him on direct appeal. Petitioner argued on appeal in his pro se supplemental brief that Agent Mitchell testified falsely and the Government allowed him to testify in a false manner. (App. Case No. 07-4284 at 9-18.) In affirming Petitioner's sentence, the Fourth Circuit specifically noted that it had considered the issues raised by Petitioner in his pro se supplemental brief and found them to be without merit. United States v. Munson, 299 Fed. App'x 297, 301, n.5 (4th Cir. 2008). Consequently, this claim is dismissed on that basis.

Moreover, as stated previously, Petitioner is misreading the trial transcript. Petitioner's argument is premised on the fact that he could not obtain from the Government a copy of the summaries referenced on pages 867 and 868 of the trial transcript. Petitioner overlooks the fact that the list being referenced was not created by Agent Mitchell. Indeed, Agent Mitchell specifically renounces authorship of the list shown to him by defense counsel. (Crim. Case No. 3:01cr66: May 28, 2003, Trial Trans. at 867-68.) During his testimony on direct examination, Agent Mitchell refers to summaries that he prepared when reviewing the wire transfers in Exhibit # 1. These summaries, however, were published to the jury. (3:01cr66: Doc. No. 802, 804, 807, 808, 809.) Their existence is not in question. Moreover, the Court notes that a

negative FOIA response is not wholly sufficient to establish the nonexistence of documents. Petitioner provides no foundation for establishing the procedures for retaining documents.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner has failed to establish his claims. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: June 7, 2010

Frank D. Whitney
United States District Judge